UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA LUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-1140-SPM |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. § 405(g) a for judicial review of the final decision of Defendant Kilolo Kijakazi, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Melissa Lutz ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). For the reasons stated below, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

### I.     PROCEDURAL BACKGROUND

On November 8, 2018, Plaintiff applied for DIB, alleging that she had been unable to work since September 4, 2018, due to bipolar disorder, anxiety, and depression. (Tr. 140-41, 170). Her application was initially denied, and she filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 71-75, 80-84). On October 29, 2019, the ALJ held a hearing on Plaintiff's claim. (Tr. 27-56). On November 20, 2019, the ALJ issued an unfavorable decision, finding Plaintiff not disabled. (Tr. 11-22). On December 11, 2019, Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. (Tr. 137-39). On June 23, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-7). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

### II.    FACTUAL BACKGROUND

At the October 2019 hearing, Plaintiff testified as follows. (Tr. 27-51). In September 2018, Plaintiff was hospitalized because of her depression and anxiety; she wanted to kill herself. (Tr. 49). Since her hospitalization, Plaintiff's four-year-old twins have been staying with Plaintiff's sister, because Plaintiff does not feel like she could handle taking care of her children's daily needs without her anxiety or depression getting the better of her. (Tr. 33-34, 50). However, Plaintiff does take her children to and from preschool and stays with them until her sister gets off work. (Tr. 32, 34-36). On a typical day, Plaintiff stays in bed or lies on the couch and does nothing. (Tr. 50). She cannot stay focused on even just watching television for five minutes before she loses concentration and focus. (Tr. 51). She will be doing a task and will forget what it is while she's doing it. (Tr. 51).

Plaintiff last worked in September 2018, as a dental assistant, and she has also worked as a receptionist, instrument cleaner, and cashier. (Tr. 36-39). Plaintiff testified that her anxiety and depression keep her from going to work and working full time. (Tr. 41). Her memory and concentration are terrible, and she does terribly around crowds of people. (Tr. 43).

With regard to Plaintiff's medical and vocational records, the Court accepts the facts as set forth in the parties' respective statements of fact and responses. Briefly, at the time of the alleged disability onset date in September 2018, Plaintiff was hospitalized in a secured behavioral unit for approximately nine days for symptoms of depression and anxiety, and she was diagnosed with bipolar, depressed, severe, without psychotic features; attention deficit hyperactivity disorder; and generalized anxiety disorder. (Tr. 275-77). During the remainder of the relevant period, she has received treatment for these conditions from several providers, including a psychiatrist and a case manager, and she has been prescribed medications including Lithobid (lithium), Geodon (ziprasidone), Wellbutrin (buproprion), lorazepam, Buspar (buspirone).

The record contains opinion evidence regarding Plaintiff's mental limitations from two sources. On November 13, 2018, Plaintiff's treating psychiatrist, Dr. C.J. Jos, wrote that Plaintiff's bipolar "has affected her functioning significantly and contributed to multiple jobs [sic]"; that "her mental condition is likely to affect her functioning in job performance"; and that "in my opinion this patient is a candidate for social security disability." (Tr. 414). Dr. Jos did not include any specific functional limitations. On January 10, 2019, state agency psychological consultant reviewed Plaintiff's records and completed an RFC assessment for plaintiff, opining, *inter alia*, that Plaintiff had moderate limitations in several areas: the ability to understand, remember, and carry out detailed instructions; ability to maintain attention and concentration for extended periods; the ability to work in coordination with or in proximity to others without being distracted by them;

3

the ability to interact appropriately with the general public; and the ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 64-65). Dr. Stalker stated that Plaintiff "[r]etains the ability to perform simple repetitive one-two step tasks away from the public." (Tr. 66).

The Court will discuss specific portions of the record as necessary to address Plaintiff's arguments below.

### III.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether

4

the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii),; *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which "the most [a claimant] can do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an

adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

### IV.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since September 4, 2018, the alleged onset date; that Plaintiff had the severe impairments of bipolar, anxiety disorder, and attention deficit hyperactivity disorder; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 13-14). The ALJ found that Plaintiff had the following RFC:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine tasks. She is able to frequently interact with supervisors and occasionally interact with coworkers and the public. She should have only occasional changes in the work setting.

(Tr. 16). At Step Four, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing her past relevant work as an instrument cleaner (*Dictionary of Occupational Titles* (*DOT*) No. 712.684-050). (Tr. 20). The ALJ also made an alternative finding at Step Five that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as document preparer (*DOT* No. 249.587-018), silver wrapper (*DOT*

6

No. 318.687-010), and photo copy machine operator (*DOT* No. 207.685-014). (Tr. 21). Accordingly, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Act, from September 4, 2018, through the date of the decision. (Tr. 22).

V.     **DISCUSSION**

Plaintiff challenges the ALJ's decision on two grounds: (1) that the mental RFC assessment was not supported by substantial evidence, because the ALJ did not provide adequate reasons for failing to include in the RFC all of Plaintiff's credible impairments; and (2) that the ALJ failed to properly consider Plaintiff's subjective reports.

A.  **Standard for Judicial Review**

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that

7

decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005))

### B. The Mental RFC Assessment

Plaintiff's first argument is that the mental RFC assessment is not supported by substantial evidence, because the ALJ did not provide adequate reasons for failing to include in the RFC all of Plaintiff's credible impairments. Specifically, Plaintiff argues that the ALJ did not adequately explain why he did not include in the RFC all of the limitations in the opinion of state agency psychological consultant Kim Stalker, Psy.D., despite the fact that the ALJ found Dr. Stalker's opinion "persuasive." Plaintiff argues that the ALJ should have either explained her reasons for discounting Dr. Stalker's limitations or included those limitations in the RFC.

A claimant's RFC is "the most a claimant can do despite [the claimant's] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).

8

Because Plaintiff's application for benefits was filed in November 2018, the ALJ was required to evaluate the medical opinions in this case pursuant to the new rules set forth at 20 C.F.R. § 404.1520c. Under these rules, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [Plaintiff's] medical sources." § 404.1520c(a). The ALJ must evaluate the persuasiveness of medical opinions and prior administrative medical findings in light of the following factors: (1) supportability (the degree to which the medical source presents objective medical evidence and supporting explanations to support his or her opinions); (2) consistency (how consistent the opinion is with evidence from other medical and nonmedical sources); (3) relationship with the claimant (including the length, purpose, nature, and extent of the relationship, and the frequency of examinations) (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies." § 404.1520c(a)-(c). The first two factors—supportability and consistency—"are the most important factors" to consider when determining the persuasiveness of a medical source's medical opinions, and the ALJ must "explain how [he or she] considered the supportability and consistency factors" in the decision. § 404.1520c(b)(2). The ALJ may, but is "not required to," explain how he or she considered the remaining factors. *Id.*

In her decision, the ALJ summarized Dr. Stalker's opinion, including the limitation to simple, repetitive, one- and two-step tasks away from the public, and then stated, "Her opinions are persuasive. Her opinions are consistent with the medical record, which supports moderate limitations as Dr. Stalker indicated." (Tr. 19-20). The ALJ also found that Plaintiff had some limitations in adapting and managing herself that Dr. Stalker had not included in her opinion. The

9

ALJ did not discuss the supportability of any aspects of Dr. Stalker's opinion, and the ALJ did not state that she found the limitation to one- and two-step tasks inconsistent with the record.

The failure to explain how both the consistency and supportability factors were evaluated for Dr. Stalker's opinion constitutes legal error that may warrant remand. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (finding remand required because "while the ALJ adequately evaluated the supportability of [the plaintiff's physician's] opinion, she did not address whether his opinion was consistent with the other evidence of record, as required by the applicable regulation."); *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (finding remand required where the ALJ discredited a physician's opinion without discussing factors contemplated in regulation; stating, "The failure to comply with SSA regulations is more than a drafting issue, it is legal error."); *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *8 (E.D. Mo. Sept. 29, 2021) (finding legal error and remanding where the ALJ explained findings regarding consistency but not supportability in evaluating a medical opinion); *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *5 (E.D. Mo. Sept. 29, 2021) ("Under recent Eighth Circuit caselaw, an ALJ's failure to address either the consistency or supportability factors in assessing the persuasiveness of a medical opinion requires reversal. Accordingly, the ALJ's failure to consider the supportability of [a doctor's] opinion warrants remand.") (internal citation omitted). Here, the ALJ's failure to explain her findings regarding the supportability of Dr. Stalker's opinions constitutes legal error and requires remand.

Additionally, the Court agrees with Plaintiff that the absence of any explanation of why the ALJ disregarded Dr. Stalker's limitation to one-to-two step tasks, when she accepted all of the other limitations in Dr. Stalker's opinion, requires remand. The Court acknowledges that the ALJ is not required to rely entirely on a particular physician's opinion. *Martise v. Astrue*, 641 F.3d 909,

10

927 (8th Cir. 2011). The Court also recognizes that "an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue* 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). However, the ALJ is not entitled to "pick and choose only evidence in the record buttressing his [or her] conclusion." *Nelson v. Saul*, 413 F. Supp. 3d 886, 916 (E.D. Mo. 2019) (internal quotation marks omitted). *See also Taylor ex rel. McKinnies v. Barnhart*, 333 F.Supp.2d 846, 856 (E.D. Mo. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.") (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)). The Eighth Circuit has also recognized that in some cases, the ALJ's failure to address specific evidence renders this Court "unable to determine whether any such rejection is based on substantial evidence." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995).

Here, the only thing the ALJ said about Dr. Stalker's opinion was that she found it "persuasive." Despite this, the ALJ omitted from the RFC a key limitation from that opinion—the limitation to one- or two-step tasks. The ALJ did not explain anywhere else in her decision why she believed Plaintiff could perform more than one- or two-step tasks, nor was there any other opinion evidence in the record indicating that Plaintiff could perform such tasks. It is possible that the ALJ properly evaluated Dr. Stalker's opinion regarding Plaintiff's limitation to one- and two-step instructions and disregarded that limitation for valid reasons supported by substantial evidence. However, the ALJ's decision does not include any such discussion, and the Court "cannot speculate whether or why an ALJ rejected certain evidence." *Jones*, 65 F.3d at 104. Given the absence of any explanation for why the ALJ omitted this limitation from the RFC despite finding Dr. Stalker's opinion persuasive, the Court cannot determine whether the decision to omit this limitation from the RFC was supported by substantial evidence. Thus, "remand is necessary

11

to fill this void in the record." *Id. See also Berry*, 2021 WL 4459699, at *9 (remanding on similar facts; stating, "Because the ALJ did not provide a reason for rejecting [a doctor's] opinion on the two-step command limitation—while including [the doctor's] other opined limitations in the RFC—the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence.").

Further, the ALJ's error does not appear harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'" *Lucus*, 960 F.3d at 1069 (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). As Plaintiff points out, the *DOT* indicates that an ability to perform one- to two-step instructions corresponds to an ability to perform jobs requiring Level 1 Reasoning. *See Stanton v. Comm'r*, 899 F.3d 555, 558 (8th Cir. 2018) (noting that Level 1 Reasoning "requires a worker to '[a]pply commonsense understanding to carry out one- or two-step instructions' and to '[d]eal with standardized situations with occasional or no variables in or from those situations encountered on the job,'" whereas "Level 2 Reasoning . . . requires a worker to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions' and to '[d]eal with problems involving a few concrete variables in or from standardized situations.'") (quoting  2 *Dictionary of Occupational Titles* 1011). However, all four jobs the ALJ identified that Plaintiff was capable of performing are described in the DOT as requiring Level 2 Reasoning. *See DOT* No. 712.684-050 (inspector, surgical instruments, Reasoning Level 2); *DOT* No. 249.587-018 (document preparer, microfilming, Reasoning Level 3), silver wrapper (*DOT* No. 318.687-010, Reasoning Level 2), and photocopying-machine operator (*DOT* No. 207.685-014, Reasoning

Level 2). Thus, it appears likely that, had the ALJ included this limitation in the RFC, the outcome of the disability determination might have been different.

For all of the above reasons, the Court finds that this case must be remanded for further consideration of Dr. Stalker's opinion and the reasons for accepting or rejecting the limitations in that opinion. Because remand is required, the Court will not address Plaintiffs' remaining arguments.

## VI. CONCLUSION

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

                                                                                          _____
                                                                                          SHIRLEY PADMORE MENSAH
                                                                                          UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2022.